UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN E. REYNOLDS

    Plaintiff,

v.                                                                                          Case No. 25-cv-12047
MIKA PROPERTIES LLC,                                         Honorable Linda V. Parker
KATYA VENEDIKTOVA,
MICHAEL BARENBOYM,
AARON D. FOX, ANDREW HEROLD,
and DAVID ROSENBERG,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING HIM TO FILE AN AMENDED COMPLAINT

On July 8, 2025, Plaintiff filed this pro se lawsuit against Defendants. (ECF No. 1.) He also filed an application to proceed in forma pauperis ("IFP"). (ECF No. 5.) The Court is granting Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915. However, because no basis for federal subject matter jurisdiction is apparent from the face of the Complaint, the Court is ordering Plaintiff to file an amendment complaint setting forth facts, if he is able, establishing federal-court jurisdiction.

## COMPLAINT

The lawsuit relates to property in Detroit, Michigan, which Plaintiff acquired through a land contract with Defendant Mika Properties LLC ("Mika"). (ECF No. 1 at PageID.2 ¶ 11.) Defendants Katya Venediktova and Michael Barenboym own Mika. (*Id.* ¶ 6.) After the property was damaged in a fire, Plaintiff attempted to repair it using insurance proceeds issued in his name. (*Id.* ¶ 11.) He claims Defendants interfered with the repair and then obtained a default judgment for forfeiture in state court. (*Id.* ¶ 13.)

Plaintiff claims Defendants used improper service and made false allegations to obtain the forfeiture judgment. (*Id.*) According to Plaintiff, Defendants also sought the insurance proceeds ($205,000), which he claims are at risk of being released to them "under a flawed and fraudulent judgment." (*Id.* at PageID. 3 ¶ 15.) Defendant Aaron Cox is Mika's attorney. (*Id.* at PageID.2 ¶ 8.) Defendants Andrew Herold and David Rosenberg represented Plaintiff in the state court proceedings, although Plaintiff claims they failed to file proper motions or appear in court. (*Id.* at PageID. 2-3 ¶¶ 9, 16.)

Plaintiff alleges "a disturbing pattern of procedural manipulation, possible collusion, and abuse of process." (*Id.* at PageID.3 ¶ 17.) He asserts the following claims against all Defendants, except where noted: (I) a violation of due process pursuant to 42 U.S.C. § 1983; (II) fraud upon the court; (III) abuse of process;

(IV); tortious interference with contractual expectancy; (V) ineffective assistance of counsel against Attorneys Herold and Rosenberg; and (VI) unjust enrichment. (*Id*. at PageID.3-4.)  Plaintiff also seeks a temporary restraining order to stay the state court judgment.  (*Id*. at PageID.4; *see also* ECF Nos. 4, 5.)

## APPLICABLE LAW & ANALYSIS

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought.  A complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)).  A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556).  Even when read liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff's allegations fail to plead a sufficient factual basis for federal court jurisdiction.

"Federal courts are courts of limited jurisdiction" and only have "the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).

3

The basis for federal subject-matter jurisdiction must appear "on the face of the plaintiff's properly pleaded complaint." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Generally, federal court jurisdiction is premised on "federal question" or "diversity" jurisdiction under 28 U.S.C. §§ 1331 and 1332, respectively.

Federal Question Jurisdiction

Under § 1331, district courts have jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). While Plaintiff alleges violations of his rights pursuant to 42 U.S.C. § 1983, his allegations do not support a claim under the statute.

To state a viable claim under § 1983, Plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) this deprivation was caused by a person *acting under the color of state law*. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Littler v. Ohio Assoc. of Pub. Sch. Emps.*, 88 F.4th 1176, 1180 (6th Cir. 2023) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). Plaintiff's Complaint fails to establish

federal question jurisdiction because there is no basis to conclude that any Defendant was acting under color of state law.  Defendants are private entities or individuals.  "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct."  *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

To establish that a private defendant was acting under color of state law, the plaintiff must allege facts establishing that the defendant's conduct causing the deprivation of federal law was "fairly attributable to the State."  *Littler*, 88 F.4th at 1180-81 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  "Conduct causing a deprivation is only fairly attributable to the [S]tate if (1) it is 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible' and (2) 'the party charged with deprivation must be a person who may fairly be said to be a state actor.'"  *Id*. (quoting *Lugar*, 457 U.S. at 937).  The Supreme Court has "rejected the conclusion that a private party who misuses a state procedure is acting according to 'a rule of conduct imposed by the state."  *Id*. at 1181 (quoting *Lugar*, 457 U.S. at 937).  Thus, Plaintiff's allegations that

5

Defendants abused the state-court process to obtain the forfeiture judgment does not establish liability under § 1983.[1]

## Diversity Jurisdiction

District courts have jurisdiction over civil actions under § 1332 only where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States . . . ." 28 U.S.C. § 1332. "Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citation and quotation marks omitted). While Plaintiff's allegations satisfy the amount-in-controversy requirement, they reflect that Plaintiff and at least some of the named defendants, Attorneys Cox, Herold, and Rosenberg, are citizens of Michigan. Therefore, diversity jurisdiction is lacking, as well.

## CONCLUSION

The Court grants Plaintiff's application to proceed IFP, however, for the reasons set forth above, he fails to allege facts in the Complaint establishing federal subject matter jurisdiction. The Court is granting Plaintiff leave to file an

---

[1] The Sixth Circuit has recognized four tests to determine whether challenged conduct is fairly attributable to the State: "(1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test." *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) (citations omitted). Plaintiff's allegations do not establish state action under any of these tests.

amended complaint within twenty-one (21) days of this Opinion and Order to assert the necessary facts, if available, to establish federal subject matter jurisdiction.[2] The Court will dismiss this action without prejudice and without further notice if Plaintiff fails to file an amended complaint by the deadline, or if he files an amendment that fails to establish a basis for federal subject matter jurisdiction.

**SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: July 15, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 15, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager

---

[2] There is a clinic at the courthouse available to assist pro se parties. Information about the clinic is available at http://www.mied.uscourts.gov/Pro_Se_Clinic_2019. Representatives at the clinic may be able to assist Plaintiff in responding to this Opinion and Order.